## 66297. REECE v. THE STATE.

BANKE, Judge.

The defendant was charged by accusation with selling beer without a license, selling beer on Sunday, and possessing malt beverages for sale. The accusation form in each case included the sworn affidavit of the prosecutor followed by the accusation executed by the District Attorney. The trial court determined that each affidavit represented a distinct offense from the accusation it obviously supported. The trial court thus determined that six separate offenses were charged, rather than three, and charged the jury accordingly. However, he withdrew from the jury's consideration one of the possession counts based on his determination that only one such count was supported by the evidence. The jury found the defendant guilty of one count of selling beer without a license and one count of selling beer on Sunday. *Held:*

"While it is well established that the jury, although judges of the law and the facts in criminal cases, must take the law from the court, yet it has been frequently held . . . that if the trial judge should erroneously instruct the jury as to the law, and the jury should nevertheless find a correct verdict under the evidence and the law applicable thereto, the verdict will stand." *Spence v. State,* 7 Ga. App. 825 (2) (68 SE 443) (1910). In the case before us the jury was in possession of the accusations with supporting affidavits. Its findings, supported by the evidence, indicate that it was not confused by the trial court's charge concerning the number of offenses. Under these facts, we find the court's error harmless.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 17, 1983 —
REHEARING DENIED JUNE 14, 1983 —

*Robert B. Thompson,* for appellant.
*Bruce L. Udolf, District Attorney, Christopher J. Walker III,*

*Assistant District Attorney,* for appellee.